**Hua Chang CHEN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 04–3757–AG.**

United States Court of Appeals, Second Circuit.

April 19, 2006.

Hua Chang Chen, Brooklyn, New York, for Petitioner, pro se.

Because the Court did not receive a brief from the respondent within fifteen days of the October 5, 2005 due date specified in the scheduling order issued August 4, 2005, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d), for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Hua Chang Chen, a native and resident of China, appeals from the BIA's June 15, 2004 order affirming Immigration Judge ("IJ") William F. Jankun's order denying his application for asylum, withholding of removal and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). Chen argues that he has a well-founded fear of persecution because he plans to marry and have at least three children in the United States sometime "[i]n the future," and if he does he will be subject to compulsory sterilization by Chinese family planning officials. Chen also alleges that he fears returning to China because he has heard that family planning cadres forcibly sterilize people at random and detention officers torture repatriated individuals.

A petitioner must raise issues to the agency in order to preserve them for judicial review. 8 U.S.C. § 1252(d)(1); *Ivan-ishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 343 (2d Cir.2006). In his written application, testimony, and appeal to the BIA, Chen failed to raise any of the aforementioned claims. Chen's sole claim at the agency level was that if he returned to China he would be arrested for trying to get married before the legally required age. As a result, the claim raised at the agency level is waived, *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005), and the claims raised here are unexhausted.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.